## Evans v. Hardgrove.

The statute (Hart. Dig. Art. 733) not only allows the opposite party to make objections on the trial, to the form, and manner of taking depositions, where the depositions have not been filed one entire day before the trial commences, but renders the depositions inadmissible, unless they have been so filed.

A party cannot testify in his own case, (removed from a Justice's Court) where his examination discloses that there is another person who knows the same facts, if true, although such person reside in another State.

Appeal from Navarro. Suit (removed from a Justice's Court) on a note for $86, by an indorsee, against the maker. The person by whom the appellant could have proved the same facts to which he proposed himself to testify, was the payee of the note, and resided in Tennessee.

*A. M. Lewis*, for appellant.

*J. Willie*, for appellee.

LIPSCOMB J. There are two points, presented by the appellant, on which he relies to recover the judgment of the Court below.

The first is the refusal of the Court below, to admit the depositions taken by the appellant. The Court's refusal was based upon the fact that they had not been filed in the Clerk's office, " one entire day before the commencement of the trial." There is no error in the ruling of the Court; it is in accordance with the proviso to Art. 733, Hart. Dig.

The second point is, to the ruling of the Court in refusing to permit the appellant to make himself a witness. He did not bring himself within the provision of the law. He shows that there was a witness by whom he could prove the same facts, proposed to be proven by his own oath. (Art. 715, Hart. Dig.; Crozier, Rhea & Co. v. Kirker, Tex. R. 285.) The judgment is affirmed.